UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> DURON COLTON ) <br> ) | Crim. No. 1:11-cr-10267-DJC |

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

### Facts

On Wednesday, July 20, 2011, a grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant Duron Colton with possession of a controlled substance (crack cocaine) with intent to distribute in violation of 21 U.S.C. §841(a)(1). *See* Indictment (Docket #2). The offense in question took place over seventeen months ago. The defendant was arrested on Friday, July 22, 2011. On the Government's motion under 18 U.S.C. §3142(f)(1) and (2)(A), the defendant was detained pending a hearing scheduled for Tuesday, July 26, 2011 at 11:00 a.m.

The defendant is a thirty-one year old male. He is a long-term resident of New Bedford, Massachusetts. He currently lives with his girlfriend of seven years, Akaijia (pronounced "Akea") Frautten. Together, they have three children – a son Kaizyon (age 4), a daughter Kaia (age 2) and a son Karon (age 3 mos.). Akaijia is employed as a certified nurse's assistant. She recently returned to work following her maternity leave. Prior to his arrest, the defendant, who is currently unemployed, has taken care of the children while Akaijia works.

The defendant's father (Joseph Colton) and two brothers Jquan Colton and Daniel Woodley) also reside in New Bedford.

## Discussion

I. **The Potential Application of the Career Offender Guideline Does not Warrant the Defendant's Pretrial Detention.**

The Government has suggested that the likelihood of the defendant's flight is increased by the potential application the "career offender" guideline. U.S.S.G. § 4B1.1. In this case, application of the guideline would result in the defendant being placed in Criminal History Category VI and having a Total Offense Level of 32, resulting in a presumptive Guidelines Range of 210-262 months. However, this fact alone does not justify the defendant's pretrial detention.

It is well-settled that the Guidelines are no longer mandatory, *see United States v. Booker*, 543 U.S. 220 (2005), and the sentencing judge has the ability to grant a non-guidelines sentence based on a disagreement with the policy underlying a particular Guideline provision. *Spears v. United States,* 555 U.S. 261, __, 129 S.Ct. 840, 843 (2009). The United States Sentencing Commission has itself questioned whether the career offender guideline promotes an important purpose of sentencing. *See* United States Sentencing Commission, Fifteen Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform, p. 134 (2004). The Commission noted that the career offender guideline has a disproportionate effect on Black defendants, seemingly by virtue of the increased likelihood that they will live in impoverished neighborhoods where street level drug trafficking is rampant. *Id.,* at 133-34. It also noted that offenders who qualify as career offenders under the guideline because of predicate drug offenders have recidivism rates far below other offenders who are assigned to Criminal History Category VI.

For these and other reasons, the courts have frequently imposed non-guideline sentences (or granted departures prior to *Booker*) when confronted with defendants, such as Mr. Colton, who qualify for career offender status based on low-level drug offenses. *See, e.g., United States v. Whigham*, 754 F.Supp.2d 239 (D.Mass. 2010); *United States v. Woodley*, 344 F.Supp.2d 274 (D.Mass. 2004); *United States v. Lacey*, 99 F.Supp.2d 108 (D.Mass. 2000); *United States v. Pruitt*, 502 F.3d 1154 (10th Cir. 2007); *United States v. Williams*, 435 F.3d 1350 (11th Cir. 2006); *United States v. Reyes*, 8 F.3d 1379, 1381 (9th Cir. 1993); *United States v. Fernandez*, 436 F.Supp.2d 983, 984 (E.D.Wis. 2006); *United States v. Qualls*, 373 F.Supp.2d 873, 877 (E.D.Wis. 2005); *United States v. Phelps*, 366 F.Supp.2d 580, 590 (E.D.Tenn. 2005).

The suggestion that potential application of the career offender guideline warrants the defendant's pretrial detention also ignores the defendant's actual circumstances. The defendant in this case is not the type of offender that Congress had in mind when it directed the Sentencing Commission to promulgate the career offender provisions. *See* 28 U.S.C. §994(h).

> Congress' directive for a harsh career offender penalty – as applied to a drug felony – was very clearly aimed at "drug trafficking offense[s]" involving large amounts of narcotics. *See* S.Rep. No. 98-225 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, at 3196. Their targets were those making substantial amounts of money who were flight risks because they could easily post "bond in the hundreds of thousands of dollars" and flee to a country where they "have established substantial ties outside the United States from whence most dangerous drugs are imported. *Id.* At 3203.

*Whigham*, 754 F.Supp.2d at 248.

Like the defendant in *Whigham*, Mr. Colton "has nowhere else to go." *Id.* All of his ties are to the New Bedford area where he and his family reside. He is currently unemployed. There is no evidence that he has any financial resources, much less the resources necessary to flee and establish a life elsewhere.

## II. There Exist Conditions that Would Reasonably Insure the Defendant's Appearance at Trial.

The defendant acknowledges that there is a presumption that he poses a risk of flight under 18 U.S.C. §3142 (e)(3)(A). However, that presumption is rebuttable, and defendant respectfully submits that his actual circumstances establish that he poses a very low risk of flight. As noted above, all of his family connections are in New Bedford and he lacks the financial ability to flee to avoid prosecution.

There are numerous conditions that the Court could impose that would reasonably insure the defendants appearance to face the charges pending against him in this case. The mother of his children with whom he presently resides, Akaijia Frautten, is willing to have the defendant released into her custody and to alert the Court in the event that the defendant violates a condition of his pretrial release. *See* 18 U.S.C. § 3142(c)(1)(B)(i). He can also be electronically monitored and subject to an appropriate curfew. These conditions and others that may be imposed by the Court will suffice to reasonably insure the defendant's appearance as required.

### Conclusion

For the foregoing reasons, the defendant respectfully requests that he be released on a $50,000 non-surety bond subject to such conditions of release that the Court may deem appropriate.

Respectfully submitted,

DURON COLTON
By his attorneys,

_____/s/ Denis M. King_____
Denis M. King (BBO No. 555838)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333
(617) 482-1776

Dated: July 25, 2011

**Certificate of Service**

As required by the paragraph E of the Electronic Case Filing Administrative Procedures in effect in this District, dated January 1, 2006, I hereby certify that this document, filed through the ECF system, will be sent electronically to the attorney of record for each party in this action, each of whom is a registered participant as identified on the Notice of Electronic Filing (NEF) this 26th day of July 2011.

                                          /s/ Denis M. King
                                        Denis M. King