# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

     v.                    CRIMINAL NO. 2010-10267-DJC

DURON K. COLTON, ETC.,
     Defendant.

## *MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)*

COLLINGS, U.S.M.J.

     Duron Colton ("the defendant") appeared on July 28, 2011 with counsel for a detention hearing. He is charged, *inter alia,* with distributing cocaine base in violation of 21 U.S.C. § 841(a)(1).

     The purpose of a detention hearing is as stated in the statute - i.e., "...to determine whether any condition or combination of conditions...(of release) will reasonably assure the appearance of such person as required and the safety of any other person and the community...". Title 18 U.S.C. § 3142(f).

It is important to note that the statute, 18 U.S.C. § 3142(e), contains a presumption which is applicable to the case at bar. The statute provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required *and* the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, an offense under section 924(c), 956(a), or 2332b of this title...

Emphasis supplied.

The defendant is charged in the Indictment with a violation of the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) which carries a maximum sentences of ten years or more imprisonment. Thus, it is presumed in the instant case that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community if I find that there is probable cause to believe that the defendant committed the offense charged in the Indictment. Although this presumption does not shift the burden of persuasion to the defendant, it does

place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress's judgment that defendants who have probably committed serious drug felonies are dangerous and pose particularly great risks of flight. *United States v. Palmer-Contreras*, 835 F.2d 15, 17-18 (1 Cir., 1987); *United States v. Jessup*, 757 F.2d 378, 380-386 (1 Cir., l985).

The first issue then is whether there is probable cause to believe that the defendant committed the offense with which he is charged. The return of an indictment is sufficient to fulfill the probable cause prerequisite for the presumption's operation. *United States v. Vargas*, 804 F.2d 157, 163 (1 Cir., 1986).

The second issue is whether the defendant has met his burden of production. I find that he has not.

As the First Circuit has stated, "the presumption serves to shift the burden of production and to **require** that the defendant introduce **'some evidence'** to the contrary." *O'Brien,* 895 F.2d at 815 quoting *Jessup,* 757 F.2d at 381 (emphasis added). In the instant case, the only "evidence" proffered was the

testimony of the defendant's girlfriend that she would act as third-party custodian and the defendant could live with her (as he had been doing) at 121 Austin Street, New Bedford and be subject to electronic monitoring. Although the girlfriend's testimony is "evidence", I rule that this "evidence" is patently insufficient to meet the defendant's burden of production, especially as to dangerousness.[1] Therefore, the defendant will be detained on the basis of the presumption.[2]

Accordingly, pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charge contained in the above-styled Indictment. Pursuant to 18 U.S.C. § 3142(e), the written findings of fact and a written statement of reasons for the detention are

---

[1] The Court notes that the First Circuit held in the *O'Brien* case, 895 F.2d at 816, that defendant's evidence consisting of two witnesses and an affidavit on the effectiveness of electronic monitoring "only arguably rebuts the presumption of flight." It was only that evidence in combination with additional evidence as to the availability of a surety which led the Court to conclude that the "...evidence as a whole [was] sufficient to rebut the presumption." While *O'Brien* dealt with the question of what evidence was necessary in order to rebut the presumption with respect to the risk of non-appearance, the Court's recitation of what type of evidentiary production is necessary to rebut that presumption gives some indication of the type of evidence which would be needed to rebut the presumption of dangerousness. In the instant case, none of that type or quality of evidence was offered or proffered.

[2] Even if the burden of production had been met, the Court would detain the defendant on the basis that there are no combination of conditions which would reasonably assure that the defendant would not deal in drugs if released. He has four prior drug convictions and is alleged to have committed the instant offense four months after having been placed on probation for the fourth drug conviction. He and his girlfriend lied to Massachusetts officials as to their address in order to retain their welfare benefits to which they were not entitled. He uses cannabinoids twice a week. He could not be trusted to abide by any conditions the Court might set.

contained *supra*. Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

(1) The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. § 3145(b).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

August 3, 2011.