UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DURON COLTON,<br><br>Defendant. | CRIMINAL NO. 11-10267-DJC |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States respectfully recommends that the Court sentence Duron Colton to a 96-month term of imprisonment and three years of supervised release. Such a prison term, which rests in the middle of the agreed-upon disposition range, is warranted because the defendant is a drug dealer who has declined to cease his criminal conduct despite several prior convictions for similar offenses.

## BACKGROUND

The defendant is charged with one count of distributing a controlled substance (cocaine base), in violation of 21 U.S.C. § 841(a), based on the controlled purchase of crack by a cooperating witness ("CW"). On February 22, 2010, law enforcement agents met with the CW to arrange a controlled buy from the defendant. Presentence Report ("PSR") ¶ 10. He made a call to the defendant and successfully arranged for the purchase of a half-ounce of crack cocaine. *Id.* The next day, agents searched the CW for contraband, outfitted him with electronic monitoring equipment, and provided him with $600 to make the deal, which occurred at the CW's apartment while agents kept watch. *Id.* ¶ 11. Inside the apartment, as captured by the

recording equipment, the defendant provided the CW with crack cocaine in exchange for the money. *Id.* ¶ 11. Forensic testing later confirmed that the substance contained cocaine base and determined that the net weight was 13.31 grams. *Id.*

The CW in this case made two other controlled purchases of crack cocaine from the defendant, each of which purchases was also recorded. On February 18, 2010, the defendant sold the CW 2.44 grams of crack, and on April 8, 2010, he sold another 2.92 grams of crack. *Id.* ¶¶ 13-16.

The defendant and the government entered into a Rule 11(c)(1)(c) plea in this case, which – upon acceptance by the Court – requires the Court to impose a term of imprisonment within the range of 84 to 120 months to be followed by three years of supervised release. *Id.* ¶ 118.

## ARGUMENT

The government recommends a 96-month prison term for the defendant, plus three years of supervised release. The First Circuit has held that a sentencing court must "follow a specifically delineated roadmap when sentencing under the now-advisory federal sentencing guidelines." *United States v. Dávila-González*, 595 F.3d 42, 46 (1st Cir. 2010). The first step in this roadmap is to establish the Guideline Sentencing Range ("GSR"). *United States v. Madera-Ortiz*, 637 F.3d 26, 30 (1st Cir. 2011) (citing *United States v. Pelletier*, 469 F.3d 194, 203 (1st Cir. 2006)). Next, the sentencing court should determine the appropriateness of any departures. *Id.* Lastly, the court should weigh the sentencing factors described in 18 U.S.C. § 3553(a) and any other considerations that may be relevant in a particular case. *Id.* These deliberations should inform the court's assessment of whether to sentence the defendant below, within, or above the GSR. *Id.*

Among the factors to be considered in the third step are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established; (5) any pertinent policy statements made by Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been guilty of similar conduct; and (7) the need to provide restitution to any victims.  18 U.S.C. § 3553(a).

Here, 96 months in prison, followed by three years of supervised release, is a fair and reasonable sentence, especially when considering the plea agreement, the application of the Guidelines, the defendant's conduct, and his criminal history.

**I.      THE SENTENCING GUIDELINES AND THE PLEA AGREEMENT.**

When sentencing a defendant, the Court should begin with the calculation of the defendant's particular GSR.  *United States v. Martin*, 520 F.3d 87, 91 (1st Cir. 2008).   The defendant qualifies as a Career Offender under the Guidelines.  PSR ¶ 33.  Given that the statutory maximum in this case is 20 years, his base offense level is 32.  *Id.* ¶ 34.  Upon acceptance of responsibility, the defendant's offense level drops to 29.  *Id.* ¶ 37.  Based on a rather significant criminal history, and the fact that he was on probation for a similar offense when he committed this offense, the defendant's criminal history category ("CHC") would be V. *Id.* ¶ 54.  However, because he qualifies as a Career Offender, his CHC is VI.  His GSR, therefore, is 151-188 months.  *Id.* ¶ 117.  In exchange for the defendant's guilty plea and waiver of his appellate rights, the government agreed – in a binding plea agreement – to a disposition range that is significantly below the defendant's GSR (84 to 120 months).  *Id.* ¶ 118.

## II. THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT AND THE FACTS AND CIRCUMSTANCES OF THE OFFENSE SUPPORT A DISPOSITION OF 96 MONTHS IN PRISON.

The defendant is a repeat drug dealer whose previous state sentences have not been sufficient to deter him from reoffending. In 2000, the defendant was charged with and convicted of three separate counts of distributing crack. PSR ¶ 42-44. Those instances were not separated by an intervening arrest, so they receive only a total of three criminal history points, but they reveal that the defendant was dealing crack regularly as early as 2000. *Id.* The defendant was again convicted of a crack-dealing offense in 2009 and was serving a term of probation for that offense when he sold crack three different times to the CW here. *Id.* ¶ 49. The defendant has several other convictions for larceny, trespassing, and motor-vehicle offenses, and many other troubling arraignments.

The court must view the defendant's multiple sales of crack here against the backdrop of this criminal history. Crack is a serious scourge on the Commonwealth's streets and particularly in cities like New Bedford, where the defendant was operating. Given that he was on probation when the defendant committed the offenses here, he obviously felt entitled and enabled to continue his criminal enterprise. The pattern of his convictions provides no reason to think that he ceased selling even after his 2000 convictions. The defendant's actions here demonstrate an absolute lack of concern for the law and the addicts on which he preyed.

The Court should deter this pattern from repeating by sending the defendant an appropriately stern message. Given that shorter and more lenient sentences have apparently not been sufficient to alter the defendant's conduct, 96 months in prison is a message that the defendant should receive clearly. While it falls well below the recommended GSR, it is a term

that is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in Section 3553(a) of Title 18, and it is within the agreed-upon range.

## CONCLUSION

For all the foregoing reasons, the government respectfully recommends that the Court sentence the defendant to serve 96 months in prison, to serve three years on supervised release, and to pay the mandatory $100 special assessment.

                Respectfully submitted,

                CARMEN M. ORTIZ
                United States Attorney

By:   /s/ Eric P. Christofferson
       ERIC P. CHRISTOFFERSON
       Assistant U.S. Attorney

Dated: July 19, 2012

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                /s/ Eric P. Christofferson
                ERIC P. CHRISTOFFERSON

Dated: July 19, 2012